UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GANNA KOSIAK and RUSLAN KOSIAK, | Civil Action No. |
| Plaintiffs, | |
| vs. | **COMPLAINT &** |
| TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., | **JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiffs, GANNA KOSIAK and RUSLAN KOSIAK, by and through their attorneys, Brach Eichler LLC, as and for their Complaint and Jury Trial Demand against defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., allege the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention"), and all Plaintiffs are residents of the United States and/or their itineraries were purchased in the United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as the Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., have offices and transact business in the Eastern District of New York; and that the flight in question upon which the instant cause of action arose was travelling to JFK Airport located within the judicial boundaries of the Eastern District of New York.

3. Plaintiff, GONNA KOSIAK, currently resides in Matawan, New Jersey.

4. Plaintiff, RUSLAN KOSIAK, currently resides in Matawan, New Jersey

5. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES is a foreign corporation authorized to do business in the State of New York.

6. Defendant TURKISH AIRLINES, INC. is a domestic corporation authorized to do business in the State of New York.

7. At the time of the events complained of herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES was a common carrier engaged in the business of transporting passengers for hire by air.

8. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, Defendant TURKISH AIRLINES, INC. was a common carrier engaged in the business of transporting passengers for hire by air.

9. In furtherance of said business, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES operates regularly scheduled commercial airline flights to and from the City and State of New York.

10. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, in furtherance of said business, Defendant TURKISH AIRLINES, INC., operates regularly scheduled commercial airline flights to and from the City and State of New York.

11. On or about March 9, 2019, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES operated and controlled a certain jet aircraft designated as flight TK1 from Istanbul, Turkey, airport code (IST), to John F. Kennedy International Airport in New York, airport code (JFK) ("the subject flight").

12. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about March 9, 2019, Defendant TURKISH AIRLINES, INC. operated and controlled the subject flight.

13. Said aircraft was a Boeing 777 ("the subject aircraft").

14. On or about March 9, 2019, Plaintiffs, GANNA KUSIAK and RUSLAN KOSIAK, were fare-paying passengers lawfully aboard the subject aircraft.

15. On or about March 9, 2019, and for some time prior thereto, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES, owned, serviced, maintained, repaired and/or operated the subject aircraft.

16. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about March 9, 2019, and for some time prior thereto, Defendant TURKISH AIRLINES, INC., owned, serviced, maintained, repaired and/or operated the subject aircraft.

17. On or about March 9, 2019, on the subject flight, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES employed a flight crew.

18. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about March 9, 2019, on the subject flight, Defendant TURKISH AIRLINES, INC. employed a flight crew.

19. Said flight crew consisted of a pilot in command ("PIC") and first officer.

20. Said PIC and first officer were employees, agents, and/or servants of Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES, and operating the subject flight within the scope of their employment as such.

21. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, said PIC and first officer were employees, agents, and/or servants of Defendant TURKISH AIRLINES, INC., and operating the subject flight within the scope of their employment as such.

22. Said PIC and first officer were responsible for the safe and secure operation of the flight as well as the safety and well-being of the passengers and aircraft.

23. The subject aircraft was equipped with an on-board weather radar system.

24. On or about March 9, 2019, the subject aircraft's on-board weather radar system was in good and proper working order.

25. One of the tasks of the subject aircraft's flight crew was to operate the aforesaid on-board weather radar system in such a manner so as to reduce the risk of the subject aircraft encountering weather systems that could cause turbulence.

26. The subject aircraft's flight crew was also responsible for monitoring warnings from other sources of potentially dangerous and disruptive weather systems and unstable air that can occur during flight.

27. Such sources include, but are not limited to, on-air transmissions from other aircraft, air traffic control, weather services, and/or airlines operations services.

28. On or about March 9, 2019, approximately 40-45 minutes before landing in New York, the subject flight encountered severe in-flight turbulence.

29. Prior to its encounter with severe turbulence, the United States National Weather Service Aviation Weather Center had warned commercial pilots of severe turbulence in or near the airspace over New England.

30. Despite said turbulence, the flight crew of TK1 negligently, carelessly, and/or recklessly did not adjust or change its flight path to successfully avoid encountering said severe turbulence.

31. Said turbulence caused the subject aircraft to move suddenly and violently, thereby propelling objects and people into the air.

32. TK1's flight crew failed to warn its passengers and cabin crew members of the impending turbulence and its potential severity.

33. Both the onset and severity of the turbulence encountered by the subject flight was unexpected and unusual.

34. As a result of the aforesaid encounter with turbulence aboard the subject flight, numerous passengers and cabin crew members, including Plaintiffs, GANNA KOSIAK and RUSLAN KOSIAK, were injured.

**FIRST CAUSE OF ACTION- PLAINTIFF GANNA KOSIAK**

35. Plaintiffs incorporate and re-allege each of the paragraphs set forth above though fully set forth herein.

36. The aforesaid encounter with turbulence and the consequent injuries suffered by Plaintiff GANNA KOSIAK were the result of an accident, or an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the normal operation of the aircraft.

37. As a result of said accident, Plaintiff GANNA KOSIAK was injured.

38. As a result of said accident, Plaintiff GANNA KOSIAK was seriously injured.

39. As a result of said accident, Plaintiff GANNA KOSIAK was permanently injured.

40. As a result of said accident, Plaintiff GANNA KOSIAK has suffered severe pain, agony, and mental anguish, and in the future will continue to suffer from same.

41. As a result of said accident, Plaintiff GANNA KOSIAK suffered economic loss and in the future shall continue to suffer from same.

42. As a result of said accident, Plaintiff GANNA KOSIAK was deprived of his enjoyment of life, pursuits and interests and believes that in the future he will continue to be deprived of same.

43. As a result of the foregoing, Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., are liable to pay full, fair, and reasonable damages to Plaintiff GANNA KOSIAK pursuant to the Montreal Convention.

44. Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., cannot meet their burden of proving that Plaintiff GANNA KOSIAK's injuries were caused solely by the acts of third parties.

**SECOND CAUSE OF ACTION- PLAINTIFF RUSLAN KOSIAK**

45. Plaintiffs incorporate and re-allege each of the paragraphs set forth above though fully set forth herein.

46. The aforesaid encounter with turbulence and the consequent injuries suffered by Plaintiff RUSLAN KOSIAK were the result of an accident, or an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the normal operation of the aircraft.

47. As a result of said accident, Plaintiff RUSLAN KOSIAK was injured.

48. As a result of said accident, Plaintiff RUSLAN KOSIAK was seriously injured.

49. As a result of said accident, Plaintiff RUSLAN KOSIAK was permanently injured.

50. As a result of said accident, Plaintiff RUSLAN KOSIAK has suffered severe pain, agony, and mental anguish, and in the future will continue to suffer from same.

51. As a result of said accident, Plaintiff RUSLAN KOSIAK suffered economic loss and in the future shall continue to suffer from same.

52. As a result of said accident, Plaintiff RUSLAN KOSIAK was deprived of his enjoyment of life, pursuits and interests and believes that in the future he will continue to be deprived of same.

53. As a result of the foregoing, Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., are liable to pay full, fair, and reasonable damages to Plaintiff RUSLAN KOSIAK pursuant to the Montreal Convention.

54. Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., cannot meet their burden of proving that Plaintiff RUSLAN KOSIAK's injuries were caused solely by the acts of third parties.

**WHEREFORE**, Plaintiffs demand judgment against Defendants TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC. in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

## JURY DEMAND

Plaintiffs demand a jury of eight (8) persons for all claims stated

Dated: February 28, 2021

By: _____
Keith J. Roberts, Esq. - 2881704
BRACH EICHLER LLC
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Telephone No.: 973-364-5212
*Attorneys for Plaintiff*

To:

TURK HAVA YOLLARI ANONIM ORTAKLIGI
d/b/a TURKISH AIRLINES
1400 OLD COUNTRY RD., STE 304
WESTBURY, NEW YORK 11590

TURKISH AIRLINES, INC.
ROBINSON SILVERMAN
ATTN: ANDREW L. ODELL, ESQ.
1290 AVENUE OF THE AMERICAS, 30TH FL.
NEW YORK, NEW YORK 10104